# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:

**CHARLES HOYT,**
**RODNEY DUGAR,**
**VICTORIA STILZ,**
**DWAYNE BRONK,**
**NICOLE BAILEY,**

Individually and on behalf of all others similarly situated,

Plaintiffs,

v.

**AMAZON WEB SERVICES, INC.**

Defendant.

---

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

---

Plaintiffs, Charles Hoyt, Rodney Dugar, Victoria Stiles, Dwayne Bronk, and Nicole Bailey, (hereinafter "Plaintiffs"), by and through their attorneys, file this Class Action Complaint individually and on behalf of all others similarly situated and in support thereof, state and aver as follows:

## NATURE OF THE ACTION

1. This Class Action Complaint seeks injunctive relief, including a temporary restraining order and preliminary injunctive relief, as well as damages on behalf of Plaintiffs (approximately 12 million subscribers and users of the social media application Parler) as a direct and proximate result of the actions of Defendant Amazon Web Services, Inc. ("AWS"), when it suspended Parler's account effective January 10, 2021 at 11:59 PM PST.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because this is a class action, including claims asserted on behalf of a nationwide class, filed under Rule 23 of the Federal Rules of Civil Procedure on behalf of approximately 12,000,000 subscribers and users of the social media application "Parler," and the amount in controversy exceeds the jurisdictional amount of $5,000,000, exclusive of interest and costs.

3. This Court has personal jurisdiction over the Defendant AWS because Defendant has conducted business and committed many of the acts complained of in the state of Colorado, each state within the United States of America, as well as outside of the United States of America, via the use of digital communications, data transfers, data blocking, and other actions.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1), 1391(b)(2), 1391(b)(3), 1391(c)(2), and/or 1391(d).

**PARTIES**

5. All Plaintiffs identified herein, as well as the proposed class members, were subscribers and users of the social media application Parler and have suffered damages as a direct and proximate result of the actions of Defendant AWS, when it suspended Parler's account effective January 10, 2021 at 11:59 PM PST.

6. Plaintiff, Charles Hoyt, is a citizen of the state of Colorado and was a subscriber and user of the social media application Parler. Mr. Hoyt has suffered damages as a direct and proximate result of the actions of Defendant AWS, when it suspended Parler's account.

7. Plaintiff, Rodney Dugar, is a citizen of the state of California and was a subscriber and user of the social media application Parler. Mr. Dugar has suffered damages as a direct and proximate result of the actions of Defendant AWS, when it suspended Parler's account.

8. Plaintiff, Victoria Stilz, is a citizen of the state of Nevada and was a subscriber and user of the social media application Parler. Ms. Stilz has suffered damages as a direct and proximate result of the actions of Defendant AWS, when it suspended Parler's account.

9. Plaintiff, Dwayne Bronk, is a citizen of the state of Illinois and was a subscriber and user of the social media application Parler. Mr. Bronk has suffered damages as a direct and proximate result of the actions of Defendant AWS, when it suspended Parler's account.

10. Plaintiff, Nicole Bailey, is a citizen of the state of North Carolina and was a subscriber and user of the social media application Parler. Ms. Bailey has suffered damages as a direct and proximate result of the actions of Defendant AWS, when it suspended Parler's account.

11. Defendant Amazon Web Services, Inc., an Amazon.com, Inc. company, is a Delaware corporation with its principal place of business in Seattle, Washington. AWS is the world's leading cloud service provider, capturing almost a third of the global market. *See, Global Cloud Infrastructure Market Q3 2020*, https://www.canalys.com/newsroom/worldwide-cloud-market-q320. This is almost double the next largest competitor and equal to the next three largest competitors combined.

**FACTS**

12. Plaintiffs hereby incorporate by reference all preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

13. All Plaintiffs identified herein, as well as the proposed class members, were subscribers and users of the social media application Parler when AWS suspended Parler's account effective January 10, 2021 at 11:59 PM PST.

14. The social media application Parler is owned and operated by Parler, LLC, a Nevada limited liability corporation with its principal place of business in Henderson, Nevada.

15. All subscribers and users of Parler were required to sign a contract with Parler called a "User Agreement" that sets forth and governs the legal relationship, access to services and products, and terms of use between Parler and its subscribers and users.

16. As stated in a Complaint filed by Parler against AWS on January 11, 2021 (U.S. District Court Case No. 2:21-cv-00031, Western District of Washington at Seattle), Parler contracts with AWS to provide the cloud computing services Parler needs for its applications and website to function on the Internet. Further, both the applications and the website are written to work with AWS's technology. To have to switch to a different service provider would require

rewriting that code, meaning Parler will be offline for a financially devastating period of time. (Exhibit A - Parler Complaint at ¶ 13).

17. On January 9, 2021, the Internet news site *BuzzFeed* posted an article with screenshots of a letter from AWS to Parler informing Parler that its account would be suspended at 11:59 pm PST on January 10, 2021, less than thirty hours later. (*See,* John Paczkowski, *Amazon Will Suspend Hosting For Pro-Trump Social Network Parler*, BuzzFeed, Jan. 9, 2021), https://www.buzzfeednews.com/article/johnpaczkowski/amazon-parler-aws.  (Exhibit B).

18. As also stated in the Parler Complaint, AWS, in fact, suspended Parler's account effective Sunday, January 10, 2021 at 11:59 PM PST.  Parler was advised by AWS that the basis for the suspension was that AWS was not confident that Parler could properly police its platform regarding content that encourages or incites violence against others.  However, according the Parler complaint, on Friday, January 8, 2021, one of the top trending tweets on the Twitter social media application was "Hang Mike Pence" and it appears that AWS took no action against Twitter, has any plans to take action, nor has made any threats to suspend Twitter's account. (Exhibit A - Parler Complaint at ¶ 3).

19. Plaintiffs, as well as the overwhelming majority of Parler subscribers and users, are decent, law-abiding human beings who have complied with the terms of the Parler User Agreement and have not engaged in any type of offensive, violent, or hate speech of any kind.

20. By suspending Parler's account, AWS intentionally interfered with the contractual relationship between Parler and its subscribers and users and effectively denied Plaintiffs access to the products and services provided by Parler pursuant to the User Agreement between Parler and the Plaintiffs.

21. Further, by suspending Parler's account, AWS caused Plaintiffs to be unable to engage in legal, protected, and private communications with each other through the Parler application or view any content that had been posted and that resided exclusively within the Parler application.

22. Given the intense public sentiment surrounding the 2020 elections, AWS's actions could not have been taken at a worse time and, by all appearances, was motivated by political animus in order to intentionally cause Parler subscribers and users to have highly unpleasant mental reactions, outrage, anger, frustration, shame, humiliation, chagrin, disappointment, worry, inconvenience, and/or severe emotional distress.

## CLASS ACTION ALLEGATIONS

23. Plaintiffs hereby incorporate by reference all preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

24. The claims asserted herein all derive directly from a course of conduct by Defendant AWS.

25. Defendant has engaged in uniform and standardized conduct towards the class.

26. Defendant has not differentiated, in degree of care or candor, in its actions among individual class members.

27. The objective facts on these subjects are all the same for all class members.

28. Within each Claim for Relief asserted by the class, the same legal standards govern. Additionally, many states, and for some claims all states, share the same legal standards and elements of proof, facilitating the certification of multistate or nationwide class or classes for some or all claims.

### The Nationwide Parler Subscriber/User Class

29. Plaintiffs bring this action and seek to certify and maintain it as a class action pursuant to Fed. R. Civ. P. 23(b)(3) on behalf of themselves and a Nationwide Parler Subscriber/User Class defined as follows:

> **All persons in the United States who were subscribers/users of the Parler social media application as of January 10, 2021 at 11:59 PM PST.**

30. This action satisfies the numerosity, ascertainability, commonality, predominance typicality, adequacy, and superiority requirements of those provisions of the Federal Rules of Civil Procedure.

31. Excluded from the Nationwide Parler Subscriber/User Class are Defendant AWS, any entity in which Defendant AWS has a controlling interest, and Defendant AWS's officers, directors, legal representatives, successors, subsidiaries, and assigns. Also excluded from the Class is any judge, justice, magistrate, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

### Statewide Classes

32. Alternatively, pursuant to Fed. R. Civ. P. 23 (b)(3), Plaintiffs assert state and common law claims for Injunctive Relief (Count One), Intentional Interference with Contractual Obligations (Count Two), and Intentional Infliction of Emotional Distress (Count Three), on behalf of separate statewide classes for each state in which Defendant has done business in which Plaintiffs and/or members of the Class reside, defined as follows:

> **All persons in each State who were subscribers/users of the Parler social media application as of January 10, 2021 at 11:59 PM PST.**

33. Excluded from each Statewide Class are Defendant AWS, any entity in which Defendant AWS has a controlling interest, and Defendant AWS's officers, directors, legal representatives, successors, subsidiaries, and assigns. Also excluded from the Class is any judge, justice, magistrate, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

### Class Certification is Appropriate

34. The proposed Nationwide Class, or alternatively, the separate Statewide Classes (collectively, the "Class" as used in this paragraph) meet the requirements of Fed. R. Civ. P. 23 (b)(3).

### Numerosity and Ascertainability

35. This action satisfies the requirements of Fed. R. Civ. P. 23(a)(1). There were approximately 12,000,000 subscribers and users of the Parler application nationwide as of January 10, 2021 at 11:59 PM PST, and from hundreds of thousands to millions of subscribers and users of the Parler application in each of the States as of January 10, 2021 at 11:59 PM PST. As such, individual joinder of all Class members is impracticable.

36. The Class is ascertainable because its members can be readily identified using data obtained from either Parler, LLC records and/or data currently in the possession of AWS.

37. Plaintiffs anticipate providing appropriate notice to the certified Class, in compliance with Fed. R. Civ. P. 23(c)(1)(2)(A) and/or (B), to be approved by the Court after class certification, or pursuant to Court order under Fed. R. Civ. P. 23(d).

### Commonality and Predominance

38.   This action satisfies the requirements of Fed. R. Civ. P. 23(a)(2) and 23(b)(3) because there are many questions of law and fact common to the claims of the Plaintiffs and other members of the Class and those questions predominate over questions that may affect individual Class members.  These common questions include, without limitation, the following:

   a. Whether AWS suspended the Parler account on January 10, 2012 at 11:59 PM PST;

   b. Whether AWS knew or reasonably should have known that Parler had a User Agreement (contract) with its subscribers and users as of January 10, 2012 at 11:59 PM PST;

   c. Whether AWS intentionally interfered with the User Agreement (contract) between Parler and its subscribers and users;

   d. Whether AWS's interference with the User Agreement (contract) between Parler and its subscribers and users was improper;

   e. Whether AWS's interference with the User Agreement (contract) between Parler and its subscribers and users caused Plaintiffs damages;

   f. Whether AWS also engaged in extreme and outrageous conduct;

   g. Whether AWS did so recklessly or with the intent of causing Plaintiffs have highly unpleasant mental reactions, outrage, anger, frustration, shame, humiliation, chagrin, disappointment, worry, inconvenience, and/or severe emotional distress; and,

   h. Whether AWS's conduct caused Plaintiffs to suffer have highly unpleasant mental reactions, outrage, anger, frustration, shame, humiliation, chagrin, disappointment, worry, inconvenience, and/or severe emotional distress.

### Typicality

39.   This action satisfies the requirements of Fed. R. Civ. P. 23(a)(3) because Plaintiffs' claims are typical of the claims of other Class members and arise from the same course

of conduct by Defendant AWS. The relief Plaintiffs seek is also typical of the relief sought for the absent Class members.

### Adequacy

40. Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have retained counsel competent and experienced in complex litigation and class actions. Plaintiffs have no interests that are antagonistic to those of the Class, and there are no defenses unique to Plaintiffs.

41. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the Class and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interests adverse to those of the Plaintiffs or the Class.

### Superiority

42. This action satisfies the requirements of Fed. R. Civ. P. 23(b)(2) because Defendant AWS has committed acts generally applicable to the entire Class as a whole.

43. This action further satisfies the requirements of Fed. R. Civ. P. 23(b)(3) because a class action is superior to other available methods for the fair and efficient adjudication of this controversy. The common questions of law and fact regarding Defendant AWS's conduct and responsibility predominate over any question affecting only individual Class members.

44. Because the damages suffered by each individual Class member may be relatively small, the expense and burden of individual litigation would make it very difficult or impossible for individual Class members to redress the wrongs done to each of them individually, such that most or all Class members would have no rational economic interest in individually controlling the prosecution of specific actions, and the burden imposed on the judicial system by individual

litigation by even a small fraction of the Class would be enormous, making class adjudication the superior alternative under Fed. R. Civ. P. 23(b)(3)(A).

45. The conduct of this action as a class action presents far fewer management difficulties, far better conserves judicial resources and the parties' resources, and far more effectively protects the rights of each Class member than would piecemeal litigation. Compared to the expense, burdens, inconsistencies, economic infeasibility, and inefficiencies of individualized litigation, the challenges of managing this action as a class action are substantially outweighed by the benefits to the legitimate interests of the parties, the court, and the public of class treatment in this Court, making class adjudication superior to other alternatives, under Fed. R. Civ. P. 23(b)(3)(D).

46. Plaintiffs are not aware of any obstacles likely to be encountered in the management of this action that would preclude its maintenance as a class action. Fed. R. Civ. P. 23 provides the Court with authority and flexibility to maximize the efficiencies and benefits of the class mechanism and reduce management challenges. The Court may, on motion of Plaintiffs or on its own determination, certify nationwide, statewide, and/or multistate classes for claims sharing common legal questions; utilize the provisions of Fed. R. Civ. P. 23(c)(4) to certify any particular claims, issues, or common questions of fact or law for class-wide adjudication; certify and adjudicate bellwether class claims; and utilize Fed. R. Civ. P. 23(c)(5) to divide any class into subclasses.

47. The Class and/or subclasses expressly disclaim any recovery in this action for economic damages resulting from the actions of Defendant AWS without waiving or dismissing such claims.

## COUNT ONE
## INJUNCTIVE RELIEF

48. Plaintiffs hereby incorporate by reference all preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

49. Plaintiffs respectfully request that the Court enter a Temporary Restraining Order and order Defendant AWS to immediately restore and maintain Parler's account until further notice from this Court, and to refrain from suspending, terminating, or failing to provide any services previously provided under Parler's User Agreement with its subscribers and users.

50. Plaintiffs' interests in exercising their rights to enter and maintain their User Agreement (contract) with Parler, as well as their rights to engage in legal, protected, and private communications with each other through the Parler application, or view any content that had been posted and resides exclusively within the Parler application, outweigh any interests Defendant AWS may have in attempting to suspend Parler's account and/or censor or deny service to Parler subscribers and users.

## COUNT TWO
## INTENTIONAL INTERFERENCE WITH CONTRACTUAL OBLIGATIONS

51. Plaintiffs hereby incorporate by reference all preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

52. The User Agreement between Parler and its subscribers and users is a valid contract.

53. As subscribers and users of the Parler application, Plaintiffs have all entered into and agreed to the terms of the Parler User Agreement.

54. According to its own press release, "[f]or 14 years, [AWS] has been the world's most comprehensive and broadly adopted cloud platform." *See, Twitter Selects AWS as Strategic Provider to Serve Timelines*, Press Center, Amazon, (December 15, 2020), https://press.aboutamazon.com/news-releases/news-release-details/twitterselects-aws-strategic-provider-serve-timelines.  That is why "[m]illions of customers—including the fastest-growing startups, largest enterprises, and leading government agencies—trust AWS to power their infrastructure, become more agile, and lower costs."  In short, AWS is the world leader of cloud platform providers.

55. Defendant AWS knew or reasonably should have known that Parler had a User Agreement (contract) with its subscribers and users, including Plaintiffs.

56. Defendant AWS, through its conduct in suspending Parler's account on January 10, 2021, intentionally interfered with and caused Parler, LLC to not perform its contract with Plaintiffs under its User Agreement.

57. Defendant AWS's interference with Parler's User Agreement (contract) with its subscribers and users was improper.

58. Defendant AWS's interference with Parler's User Agreement (contract) with its subscribers and users caused Plaintiffs to suffer noneconomic losses which include, but may not be limited to: highly unpleasant mental reactions; outrage; anger; frustration; shame; humiliation; chagrin; disappointment; worry; inconvenience; and/or severe emotional distress.

## COUNT THREE
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

59. Plaintiffs hereby incorporate by reference all preceding paragraphs of this Complaint, with the same force and effect as if set forth herein.

60. Defendant AWS, through its conduct in suspending Parler's account on January 10, 2021, and intentionally interfering with the User Agreement between Parler, LLC and its subscribers and users, engaged in extreme and outrageous conduct that has been the subject of numerous national and international news reports, articles, commentaries, videos, and social media communications, posts, and interactions.

61. Defendant AWS, through its conduct in suspending Parler's account on January 10, 2021, and intentionally interfering with the User Agreement between Parler, LLC and its subscribers and users, did so recklessly or with the intent of causing Plaintiffs to suffer highly unpleasant mental reactions, outrage, anger, frustration, shame, humiliation, chagrin, disappointment, worry, inconvenience, and/or severe emotional distress.

62. Defendant AWS's intentional conduct, in fact, caused Plaintiffs to suffer highly unpleasant mental reactions, outrage, anger, frustration, shame, humiliation, chagrin, disappointment, worry, inconvenience, and/or severe emotional distress.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendant Amazon Web Services, Inc. as follows:

A. Grant Plaintiffs' request for a Temporary Restraining Order and order Defendant AWS to immediately restore and maintain Parler's account until further notice from this Court and to refrain from suspending, terminating or failing to provide any services previously provided under Parler's User Agreement with its subscribers and users;

B. Award compensation for past and future noneconomic damages as stated herein;

C. Award pre and post judgment interest as provided by law; and,

D.      Award such further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby respectfully demand a trial by jury on all issues so triable.

Dated: January 12, 2021          Respectfully submitted,

**IRWIN FRALEY, PLLC**

*s/ Brad R. Irwin*
Brad R. Irwin, Esq.
Roger D. Fraley, Jr., Esq.
Ken Falkenstein, Esq.
6377 S. Revere Parkway, Suite 400
Centennial, Colorado 80111
Phone: 303-999-9000
Email:   birwin@coloradolawyers.com
           rfraley@coloradolawyers.com
           kfalkenstein@coloradolawyers.com

**BOESEN LAW, LLC**

*s/ Jon C. Boesen*
Jon C. Boesen, Esq.
4100 E. Mississippi Avenue
Denver, Colorado 80246
Phone: 303-409-7724
Email:   jboesen@boesenlaw.com

**Attorneys for Plaintiff**